60 NEBRASKA REPORTS. [VOL. 36

State, ex rel. State Journal Co., v. Boyd.

STATE OF NEBRASKA, EX REL. STATE JOURNAL CO., V. JAMES E. BOYD, GOVERNOR, ET AL.

FILED JANUARY 4, 1893. No. 5822.

1. **Contingent Fund Appropriated for Governor's Office:** DISCRETION OF GOVERNOR: MANDAMUS. The governor is vested with a discretion in the use of the contingent fund appropriated by the legislature. He may in his discretion use said fund for the purchase of stationery needed by the state, but will not be required by *mandamus* to approve a warrant drawn against it on account of books and stationery ordered by him.

2. ————: OFFICE SUPPLIES. In the fund for books, blanks, and printing in the governor's office there still remains unexpended the sum of $152. *Held,* That this sum should be applied to the payment of blanks furnished for said office.

ORIGINAL application for *mandamus.*

*Marquett, Deweese & Hall,* and *A. G. Greenlee,* for relator.

*George H. Hastings, Attorney General, contra.*

PER CURIAM.

The relator states in its application for a *mandamus* that "it is a corporation duly organized and existing under and by virtue of the laws of the state of Nebraska; that James E. Boyd is governor, and Thos. H. Benton auditor of the state of Nebraska; that on the 9th, 16th, 20th, 22d, 26th, and 31st days of January, and on the 9th, 16th, and 20th days of February, and the 6th and 31st days of March, of the year 1891, the relator herein sold and delivered to James E. Boyd, governor of the state of Nebraska, the following goods, wares, and merchandise as shown by a bill of the same, which is hereto attached, marked 'Exhibit A,' and made a part of this application.

"Relator alleges the fact to be that the said James E. Boyd, governor, purchased said goods for and on behalf of the state of Nebraska, to be used by the governor of said state in his office as governor, and that the said bill has never been paid, nor any part thereof, although the same is long past due.

"Relator further alleges the fact to be that the said. James E. Boyd, governor, has failed, neglected, and refused to approve said bill, or to approve a voucher drawn for the same, and that the said Thos. H. Benton, as auditor of the state of Nebraska, has refused to draw a warrant for the payment of said bill, assigning as the reason therefor that the goods, having been purchased by the governor for his department, it was his duty to approve or O. K. the said bill as being correct, and that the said auditor has refused to draw a warrant for the same because the said James E. Boyd, governor, has refused to approve the said bill as correct, due and owing to the relator.

"Relator further alleges the fact to be that the prices charged in said bill for said goods were the reasonable value of the same, and that the relator herein is entitled to the payment from the respondents herein of the sum of $386.60, together with interest thereon as provided by law, and that the respondents, and each of them, have refused to pay the said claim, or to draw a warrant for the same, and that the relator herein is remediless in the premises except by the interposition of this court of the writ of *mandamus*.

"Relator further represents to the court that the legislature of the state of Nebraska appropriated for the year ending March 31, 1892, and March 31, 1893, for the office of the governor of the state of Nebraska, for the purpose of paying for such books, blanks, and printing as might be used in said office, the sum of $600, and for the purpose of buying stationery, the sum of $500, and a contingent of the sum of $2,000, and for postage the sum of

$400, and that there is at this time a sufficient sum of money in the funds so designated and placed at the disposal of the said governor of the state of Nebraska against which warrants may be drawn for the payment of the relator's claim.

"The relator further alleges the fact to be that the said James E. Boyd, as governor, had not incurred indebtedness beyond the amount appropriated by the legislature for his department at the time the indebtedness herein sought to be collected was incurred.

"Wherefore the relator prays for a writ of *mandamus*, directed to James E. Boyd, governor of the state of Nebraska, commanding him to approve said bill as correct, and that upon the approval of the same by him, that the said Thos. H. Benton, auditor of the state of Nebraska, be directed to draw a warrant in favor of the relator herein for the amount of said bill, to-wit, the sum of $386.60, together with interest thereon at the rate of seven per cent per annum from the 1st of October, 1892."

To this the governor files an answer as follows:

"Comes now James E. Boyd, governor of the state of Nebraska, one of the respondents in the foregoing action, and for answer to said application for a writ of *mandamus*, herein filed by said relator, says:

"He admits that he is governor of the state of Nebraska, duly elected, qualified, and acting as such, and was such governor during all the time mentioned and described in said plaintiff's application, that is to say, from January 9th, 1891 to March 31st, 1891, and so continued to discharge the duties of governor of the state of Nebraska, until May 5th, 1891, when he was relieved of his said office by an order and judgment of this honorable court, which judgment continued in force until the same was reversed, on the 5th day of February, 1892. Since which time, until the present, he has continued to exercise all the functions and discharge all the duties pertaining to said

office.    That the legislature of the state of Nebraska, by
an act duly passed and approved on the 6th day of April,
1891, made an appropriation for the office of the governor
of the state of Nebraska, for the payment of the current
expenses of said office for the year ending March 31st,
1892, and March 31st, 1893, as follows:

| | |
|---|---:|
| Postage | $400 |
| Books, blanks, and printing | 600 |
| Stationery | 500 |
| Telegraph, telephone, and express | 400 |
| Contingent fund | 2,000 |
| Furniture and repairs | 200 |
| House rent for governor | 2,000 |
| Stenographer | 300 |
| Book-keeper and recorder | 225 |
| Messenger | 225 |
| Salary of governor | 5,000 |
| Salary of private secretary | 4,000 |
| Stenographer | 2,400 |
| Clerk | 2,000 |
| Messenger and assistant clerk | 2,000 |

"That the above and foregoing are all the items that
were appropriated by said legislature for said office of gov-
ernor, and all the funds of every description under the
control of this respondent as such governor.

"This respondent further says that the several items of
merchandise mentioned and described in relator's applica-
tion for a writ of *mandamus* consist of stationery, and sta-
tionery alone, and if properly chargeable at all, were all
chargeable to the item of stationery mentioned in said ap-
propriation of $500 for stationery, but this respondent
alleges that said appropriation for said purpose has been ex-
hausted in the payment of bills of stationery bought by this
respondent and the occupant of the said office of governor
during the time that he was not discharging the duties
thereof, between May 5, 1891, and February 5, 1892, as

aforesaid, except the sum of $52.52, which is the entire amount still remaining on hand of the stationery fund, the sum of $447.48 having already been drawn as aforesaid. That of the item of $600, so as aforesaid appropriated for books, blanks, and printing, the sum of $135.33 remains, but no more.    This respondent alleges that said bill of said relators is not properly chargeable to said fund, as the same is not books, blanks, and printing, or either of said articles.

"That of the item of $2,000, so as aforesaid appropriated by said legislature to said office for a contingent fund, there has been drawn by this respondent, and by John M. Thayer, while he was discharging the duties of the office of governor of Nebraska, between the 5th day of May, 1891, and the 5th day of February, 1892, the sum of $1,725.35, and there yet remains of said contingent fund on hand and subject to be drawn by this respondent the sum of $274.65, and no more.    That section 22, article 3, of the constitution of the state of Nebraska, among other things, provides that no money shall be drawn from the treasury except in pursuance of a specific appropriation made by law, and on the presentation of a warrant issued by the auditor thereon, and no money shall be diverted from any appropriation made for any purpose, or taken from any fund whatever, either by joint or separate resolution.

" This respondent submits to this honorable court that the only fund at his command with which he could pay said bill of said relator is the stationery fund, of which there still remains in his hands unexpended the sum of $52.52, as aforesaid; that he is now, and at all times has been, ready and willing to draw, sign, and approve a voucher for said sum, but no more, for the reason that said sum is all the funds at the command of this respondent, available for the payment of the bill of relator, and as great a sum as this respondent can by law approve, draw,

or sign a voucher for, by reason of such appropriation for stationery being exhausted, but said relator refuses to accept the same, and this respondent further submits that under the constitution and the law of the state he cannot pay said bill, or any part thereof, from either said contingent fund or from the appropriation so as aforesaid made for books, blanks, and printing, nor can he lawfully pay the same from any other fund or appropriation made by said legislature.

"Wherefore, this respondent prays judgment of the court that said action may be dismissed, that he may go hence without day, and recover his costs herein expended."

By stipulation "It is admitted that the appropriation made by the legislature of the said state for the office of governor, as set up in the application of relator, is as follows:

| | |
|---|---|
| Books, blanks, and printing............................. | $600 |
| Stationery .................................................... | 500 |
| Contingent fund .................'............................ | 2,500 |

"That the balance unexpended of the funds so appropriated for books, blanks, and printing is $145.33; that the sum unexpended of the amount so appropriated for stationery is $52.52; that the amount unexpended of the funds appropriated for contingent fund is $274.65.

"It is agreed that the bill as itemized and attached to the application is a correct statement of the goods for the use of the governor's office, and that the prices named therein are the usual and reasonable prices for all said goods, and that the said goods were of the character and kind described therein.

"The said defendant, James E. Boyd, as governor of the said state, has refused to allow the said bill, or to issue a voucher therefor, except against the fund so appropriated for stationery, and that if this honorable court shall be of the opinion that any of said items can be legally paid out of the other funds above named, the amount of such items

8

may be required to be paid out of such other funds up to the amount unexpended, as above stipulated.

"It is agreed that if the court desires to inspect any of the goods enumerated in said item, in order to ascertain to which of the above named classes they belong, either party may introduce goods of like character in evidence."

It is conceded that blanks of various kinds of the value of more than $200 were furnished by the relator for the governor's office for which payment has not been made. It also appears that $152 still remain in the fund for books, blanks, and printing, and in our view this sum may be applied to the payment of the relator's claim. A portion of the relator's claim is for stationery for a sum in excess of $52. This claim the defendant offers to approve, and no doubt is ready to do so, for blanks to the extent named. No writ will therefore be issued unless further application is made.

As to the contingent fund the writ must be denied, unless the governor can be required to apply this particular fund to the purpose of paying for the stationery in question. We are clear that he cannot be required to do so, since it is apparent that he is by law vested with a discretion in the use of that fund, and the writ of *mandamus* will not be used to control an officer in the exercise of his discretion. This is elementary.

JUDGMENT ACCORDINGLY.