OMAHA SOUTHERN RAILWAY COMPANY v. LEVI G. TODD.

FILED MARCH 21, 1894. No. 5443.

1. **Change of Venue: DISCRETION OF COURT.** When it shall be made to appear to a district court that a fair and impartial trial of a cause cannot be had in the county where brought, then such court has not only the discretion, but it is its duty to send the case to some adjoining county for trial.

2. **Review of Order on Motion for Change of Venue.** The decision of a district court, made on conflicting evidence, that a fair and impartial trial of a case cannot be had in the county where brought because of the bias and prejudice existing in such county against one of the parties to such suit, will not be disturbed by this court, if supported by competent evidence.

3. **Eminent Domain: DAMAGES.** The damages to which a land-owner is entitled by reason of the construction of a railway across his farm are (1) the actual value of the land taken at the time of the taking, without diminution on account of any benefit or other set-off whatsoever; (2) the depreciation in value of the remainder of the farm, caused by the appropriation of a part thereof for railway purposes, and the construction and permanent operation and occupation of the railroad thereon, excluding general benefits.

4. ———: ———: **EVIDENCE.** In an inquiry whether, and how much, the part of a farm not taken for railroad right of way is depreciated in value by the appropriation of a part, evidence as to the size of the farm; the purpose for which it is used; the improvements thereon, and how located; the direction of the road across the farm; the cuts and fills made or to be made in the construction of the road; the width of the right of way; the height of embankments; the depth of ditches; the inconvenience in crossing the track from one part of the farm to another; the liability of stock being killed; the danger from fire from passing trains, are all facts competent for the jury's consideration in determining the depreciation in value of the remainder of the farm. (*St. Louis & S. E. R. Co. v. Teters*, 68 Ill., 144; Mills, Eminent Domain, secs. 162, 163, followed.)

5. ———: ———: ———. Where a number of tracts of land, as described by government surveys, are used together as one farm or body of land, in determining the owner's damage by reason of the location of a railway across one or more of the tracts the injury to the whole farm or body of land should be considered. (*Northeastern N. R. Co. v. Frazier*, 25 Neb., 42; *Robbins v. Milwaukee & H. R. Co.*, 6 Wis., 610, followed.)

6. ———: ———: ———. On the trial of an appeal from an award made by commissioners appointed to assess the damages sustained by a land-owner by reason of the appropriation of a part of his land for railroad purposes, evidence as to what such land-owner paid for the land is incompetent. (*Dietrichs v. Lincoln & Northwestern R. Co.*, 12 Neb., 225.)

ERROR from the district court of Otoe county. Tried below before HALL, J.

The facts are stated in the opinion.

*M. L. Hayward* and *A. N. Sullivan,* for plaintiff in error:

One of the parties to a suit cannot appeal in his own behalf and ignore his associates. (*Wolf v. Murphy*, 21 Neb., 472; *Hendrickson v. Sullivan*, 28 Neb., 790; *Curten v. Atkinson*, 29 Neb., 612.)

The change of venue granted was an abuse of discretion prejudicial to the rights of plaintiff in error. (*Hudson v. Hanson*, 75 Ill., 198; *Moss v. Johnson*, 22 Ill., 640; *Kelly v. Downs*, 29 Ill., 74; *Northeastern N. R. Co. v. Frazier*, 25 Neb., 42.)

The court erred in refusing to strike out the answer of the witness in reference to the trouble with the connections to the spring of water. (*State Historical Association v. City of Lincoln*, 14 Neb., 336; *High v. Merchants Bank*, 6 Neb., 155; *Cropsey v. Averill*, 8 Neb., 151; *Dunbier v. Day*, 12 Neb., 596; *Harrison v. Baker*, 15 Neb., 43; *First Nat. Bank v. Carson*, 30 Neb., 108.)

The refusal to permit the land-owner to testify on cross-examination as to what he paid for the land in controversy, or a portion of it, was error. (*Kansas City, W. & N. W. R. Co. v. Fisher*, 30 Pac. Rep. [Kan.], 111.)

The circumstance that the live stock of the land-owner will be liable to injury from operating the road should not be considered. (*Pennsylvania & N. Y. R. & C. Co. v. Bunnell*, 81 Pa. St., 414; *Baltimore P. & C. R. Co. v. Lansing*, 52 Ind., 229; *Baltimore P. & C. R. Co. v. Johnson*, 59 Ind., 188; *Alabama & F. R. Co. v. Burkett*, 46 Ala., 569; *Fremont, E. & M. V. R. Co. v. Lamb*, 11 Neb., 592.)

It was error to refuse testimony to show that no farm such as that owned by plaintiff was ever sold in Cass county as high as thirty dollars per acre. (*Markell v. Moudy*, 13 Neb., 322.)

*E. H. Wooley* and *Beeson & Root*, contra:

Damages caused by the location of a railroad are to be considered as affecting the whole farm through which the road passes. (*Kremer v. Chicago & St. P. R. Co.*, 52 N. W.

Rep. [Minn.], 978; *Northeastern N. R. Co. v. Frazier*, 25 Neb., 42; *Wilmes v. Minnesota & N. W. R. Co.*, 13 N. W. Rep. [Minn.], 39; *Sheldon v. Minneapolis & St. L. R. Co.*, 13 N. W. Rep. [Minn.], 134; *Ham v. Wisconsin, I. & N. R. Co.*, 17 N. W. Rep. [Ia.], 157.)

The refusal to permit the land-owner to testify on cross-examination as to what he paid for a portion of the land in controversy was proper. (*Dietrichs v. Lincoln & N. R. Co.*, 12 Neb., 225.)

No testimony was introduced for the purpose of recovering damages in advance for stock that might be injured or killed on the road. The liability of stock to be killed would have a tendency to depreciate the value of the land. (*Burlington & M. R. R. Co. v. Schluntz*, 14 Neb., 421; *Blesch v. Chicago & N. W. R. Co.*, 48 Wis., 168.)

RAGAN, C.

The Omaha Southern Railway Company, by proceedings duly instituted for that purpose in the county court of Cass county, condemned a right of way across the farm of Levi G. Todd. From the award of damages made to him by the commissioners appointed in said condemnation proceedings Todd appealed to the district court of Cass county. On application of Todd that court granted a change of venue in the case and it was tried in the district court of Otoe county, where Todd recovered a judgment against the railway company for a greater sum than that awarded him by the commissioners in the condemnation proceedings. The railway company brings the case here for review, and assigns the following errors:

1. That Mrs. Levi G. Todd, the wife of the defendant in error, did not join with him in the appeal taken by him from the award of the commissioners to the district court. This is not one of the errors assigned in the petition in error filed herein and for that reason will not be further noticed.

2. That the district court of Cass county erred in grant-

ing the defendant in error a change of venue. Section 61 of the Code of Civil Procedure provides: "In all cases in which it shall be made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending, * * * the court may, on application of either party, change the place of trial to some adjoining county," etc. Whether Todd, by reason of the bias and prejudice existing against him in Cass county, was unable to have a fair and impartial hearing of this case in Cass county was a question of fact for the determination of the judge who heard the application for a change of venue, and his finding on that question, like any other finding of fact, ought not to be disturbed by this court, if supported by competent evidence. If the statements made in the affidavits filed by Todd to obtain this change of venue were true, then there can be no question but that he was unable, by reason of the bias and prejudice existing against him in Cass county, to obtain a fair and impartial trial of this case therein. We certainly cannot say that the evidence offered for that purpose did not make it appear to the court that a fair and impartial trial of this case could not be had in Cass county. We do not think that the court was in error in granting the application to change the venue of this case, nor do we think that he abused his discretion. When it shall be made to appear to the court in which a case is pending that a fair and impartial trial cannot be had where the suit is pending, then the court has not only the discretion to send the case to some other county for trial, but it is its duty to do so.

3. That the defendant in error was permitted on the trial to testify as to the width of the right of way appropriated by the railway company through his farm. The defendant in error testified in his own behalf and had been describing to the jury the course of the railroad across his land saying, that the road ran straight from the point where it entered the land until it came near a spring on his land.

He was then asked this question: "How wide is the right
of way there?" To which the railroad company objected
as follows: "Objected to, as the condemnation proceed-
ings will tell that." Overruled and exception taken. The
reason assigned for the objection was of no force. Besides
the testimony was competent. The damages to which a
land-owner is entitled by reason of the construction of a
railway across his farm are (1) the actual value of the land
taken at the time of the taking, without diminution on ac-
count of any benefit, advantage, or other set-off whatso-
ever; (2) the depreciation in the value of the remainder
of the tract of land caused by the appropriation of a part
thereof for railway purposes, and the construction and per-
manent operation and occupation of the railroad thereon,
excluding general benefits. (*Rockford, R. I. & St. L. R.
Co. v. McKinley*, 64 Ill., 339; *Chicago, K. & N. R. R.
Co. v. Wiebe*, 25 Neb., 542; *Robbins v. Milwaukee & H. R.
Co.*, 6 Wis., 610; *Grand Rapids & I. R. Co. v. Horn*, 41
Ind., 479.) In an inquiry whether, and how much, the
part of a farm not taken for railroad right of way is de-
preciated in value by the appropriation of a part, evidence
as to the size of the farm; the purpose for which it is
used; the improvements thereon, and how located; the di-
rection of the road across the farm; the cuts and fills made
or to be made in the construction of the road; the width
of the right of way; the height of embankments; the
depth of ditches; the inconvenience in crossing the track
from one part of the farm to another; the liability of
stock being killed, and danger from fire from passing
trains, are all facts competent for the jury's consideration
in determining the depreciation in value of the remainder
of the farm. (*Omaha Southern R. Co. v. Beeson*, 36 Neb.,
61.)

4. Because the defendant in error was permitted on the
trial to answer the following question: "Is there any
point north of your private crossing on your farm where

stock can cross the railroad?" For the reasons just stated there was no error in permitting this question to be answered. (Mills, Eminent Domain, sec. 162, and cases there cited.)

5. It appears from the evidence that there was a spring of water upon the farm of the defendant in error and he had, by means of pipes and a hydraulic ram, conducted the water from this spring to his feed lots; and that the railway company's right of way interfered with this spring or the flow of water from it to the feed lots of the defendant in error. On the trial the defendant in error testified that prior to the construction of the road there was sufficient water from the spring to run the hydraulic ram; that since the construction of the road the ram would only run about five or six hours, and then stop. He was then asked: "Then what is necessary to start it?" Answer: "If the piston stops up, the water will gradually run off, and when all is out it will pass down. If it happens to stop down, then you have to start it. It is very easily started, but sometimes takes four or five minutes." It is now insisted that the court erred in overruling the motion of the railway company to strike out the answer of the witness to the above question. We think the answer of the witness was not responsive to the question, but we are unable to see how the plaintiff in error was prejudiced by it.

6. The substance of the next error assigned is that on the trial the defendant in error was permitted to testify to the damages resulting to his entire farm through which the railroad was constructed, the contention of the plaintiff in error being that Todd's damages, outside of the value of the land actually taken, should have been confined to the tracts through which the road was constructed. In *Northeastern N. R. Co. v. Frazier*, 25 Neb., 42, it is said: "Where a number of tracts of land as described by the government surveys are used together as one farm or body of land, in determining the owner's damage, by reason of the location

of a railway across one or more of the tracts, the injury to the whole farm or body of land should be considered." We are entirely satisfied with the rule as laid down in that case and adhere to the same. (See, also, *Robbins v. Milwaukee & H. R. Co.*, 6 Wis., 610; Mills, Eminent Domain, sec. 166, and cases there cited.)

7. The next error assigned is the refusal of the court to permit the defendant in error to testify on cross-examination what he paid for a portion of the land across which the road was constructed. It is to be said of this assignment (1) that the defendant in error, on his cross-examination, testified that he paid $5,500 for the piece of land inquired about, containing two hundred acres; (2) that the question propounded to the defendant in error on cross-examination, viz., "State to the jury what you paid for that quarter," was incompetent, and the court did not err in refusing to permit it to be answered. (*Dietrichs v. Lincoln N. R. Co.*, 12 Neb., 225.)

8. The next error relates to some testimony given by a witness named Foster. He was a carpenter and had testified that he had built some barns on Todd's farm, and had also testified as to the value of the buildings on the farm. He was then asked: "What are they [the buildings] worth to the farm?" Counsel for the railroad company to this question said: "We object to that form of question." Witness answered. The ruling of the court in permitting this question to be answered is the next error assigned. It will be observed that the objection was not made that the question called for incompetent, immaterial, or irrelevant evidence. The objection was simply to the form of the question. The objection was unavailing.

9. The next error assigned is as follows: "The court erred in permitting the witness Stein to testify as to the liability of stock being injured." Stein testified in chief that he was acquainted with the value of Todd's farm; that it was worth $50 an acre before the location of the

road across it, and that it was worth $40 an acre immediately after the location of the road across the farm. He was then turned over for cross-examination to the railway company's attorneys and was asked:

Q. You base the value of that land as a stock farm upon the water privileges?

A. Yes, sir; I do.

Q. You base adversely upon the loss of that privilege?

A. Yes, sir.

On redirect examination he was then asked:

Q. Is there anything else you base it on?

A. Yes, sir.

Q. What is it?

A. Opening gates.

Q. State if there is any danger to stock.

A. I think so.

Q. I will ask you whether the liability of stock getting injured on the road affects the value of the land?

This was objected to as incompetent, the objection being overruled and the railway company took an exception.

The witness was then asked by counsel for the railway company this question:

Q. How much would you say that farm was depreciated by reason of danger to the stock?

A. About ten dollars an acre less.

It will be observed that the question objected to was whether the witness considered the liability of stock being killed by the railroad affected the value of the farm. There was no error in permitting that question to be answered.

In *St. Louis & S. E. R. Co. v. Teeters,* 68 Ill., 144, it is said: "As the design of the law is to fully compensate a party for all injury he may sustain by reason of the appropriation of his land for railroad purposes, and which shall grow out of, or be occasioned by, the location and use of the road, evidence as to the danger of killing stock and

the danger of the escape by fire by reason of the construction of the road is proper to be considered by the jury." The question being tried was whether the farm was depreciated in value by reason of the location of the road across it, and everything which tended to show that the continuing presence and operation of the road across the farm tended to make it more valuable was competent, and everything which tended to show that the continuing presence and operation of the road across the farm depreciated its market value was competent. The object of the question objected to was not to show the value of the stock that might be killed or injured and have the value of such stock added to the damages of the defendant in error in this case, but the object of this evidence and of all such evidence in such cases is to show that the liability of such a thing happening as the killing of stock or the setting of fire tend to depreciate the market value of the real estate crossed by the railway.

10. A witness named Wolf testified on the trial in behalf of the defendant in error and was cross-examined by counsel for the railway company and was asked:

Q. Have you ever known of any improved farm having been sold in Cass county of 540 acres?

A. Yes, sir; I have.

Q. Whose was it?

A. I forget his name; I think he was a Canadian.

Q. Where was it?

A. South of Weeping Water.

Q. Is not it a fact that was bought for less than a quarter section were being sold for on account of the large quantities being bought at once?.

This question was objected to, as incompetent and irrelevant and the objection sustained, and the railway company excepted. Counsel for the railway company then made this offer: "Defendant offers to prove by this witness that no farm in the condition of plaintiff's has ever been sold for

as high as $30 an acre in Cass county." The offer was objected to and the objection sustained. The railway company now alleges that the trial court erred in refusing to permit the question last above quoted to be answered and refusing the offer of proof. As to the question, the court did not err in refusing to permit it to be answered, as it was and is absolutely unintelligible. Neither was the ruling of the court erroneous in excluding the offer made by the railway company. If counsel thought that the evidence embraced in their offer was material and competent and that the witness on the stand would give such testimony they should have asked him the question.

11. The final error alleged relates to the instructions of the trial court; but this error is simply a criticism upon the instructions. The instructions were correct in every particular. There is no error in the judgment sought to be reversed, and the same is in all things

AFFIRMED.

POST, J., not sitting.