NORTHEASTERN NEBRASKA RAILROAD COMPANY, PLAINTIFF IN ERROR, v. RANDALL FRAZIER, DEFENDANT IN ERROR.

1. **Railroads:** DAMAGES FOR RIGHT OF WAY: EVIDENCE. In an action to recover damages for real estate condemned for right of way for a railway company, a witness who testified that he resided near the land condemned, and was acquainted with the

value of the real estate in that vicinity at the time of the condemnation, is *prima facie* a competent witness to prove the amount of damages sustained by the land owner.

2. ——: ——: ——. While the date of filing a petition to condemn real estate for right of way of a railroad is deemed the time when the appropriation takes place for the purpose of assessing damages, yet proof is not limited to that particular day; and where the petition was filed in June, and a witness testified to the value in the following August, the evidence was held admissible.

ERROR to the district court for Wayne county. Tried below before POWERS, J.

*H. C. Brome,* for plaintiff in error, cited: *M. P. R. R. Co. v. Hays,* 15 Neb., 224.

*H. H. Moses* and *James Britton,* for defendant in error.

MAXWELL, J.

The questions involved in this case are to a great extent the same as in *Northeastern Nebraska Railroad Company v. William Frazier and James A. Frazier,* just decided. The first point decided in that case does not arise in this, but the decision of the other questions in that case will be adhered to in this.

The new points raised in this case are:

1st. The incompetency of a certain witness to testify to the value of the lands injured. The testimony of one Steele is referred to, to show his incompetency. In regard to his qualifications, he testifies as follows:

Q. Where do you reside?

A. Wayne, Nebraska.

Q. Are you acquainted with Randall Frazier, the plaintiff in this case?

A. Yes, sir.

Q. Are you acquainted with the location of the northwest quarter of section 13, Tp. 26, R. 3 E.?

A.    Yes, sir.

Q.    Are you acquainted with the S.E. quarter of Sec. 23, Tp. 26, R. 3 E., and the location thereof?

A.    Yes, sir.

Q.    And the S. ½ S.E. ¼ Sec. 14, T. 26, R. 3 E.?

A.    Yes, sir.

Q.    Are you acquainted with the location of the S.W. ¼ Sec. 13, Tp. 26, R. 3 E.?

A.    Yes, sir.

Q.    State if you know where these lands are located— relative to this town.

A.    They join the town site.

Q.    On which side?

A.    South-west side.

Q.    State if you know who is in the occupancy of these lands, and who has been for the last four or five years?

Objected to by the defendant as immaterial.    Overruled by the court, to which the defendant excepts.

A.    Randall Frazier.

Q.    Were you, in the year and in the summer of 1886, acquainted with the market value of these lands, and also the lands in their immediate vicinity?

A.    I was.

He was then permitted to testify as to the value of the land before the location of the road, and the value immediately afterwards.    In this we think there was no error. *Prima facie*, at least, he had shown sufficient to make his testimony admissible.    He testifies to his residence near the land, to the knowledge of its value at the time the railway was located across the land.    If the railway company desired a more complete statement, it should have cross-examined the witness upon that point.    The fact that it failed to make an extended cross-examination upon that point leads to the inference that such cross-examination would have shown the witness to be thoroughly qualified. This ground of objection, therefore, is unavailing.

2d.   The second ground of error is, that the court erred in receiving evidence of the value of this land in August, 1886.   It is true the petition was filed June 11th of that year, and the appraisement made on the 23d of that month.   The time of filing the petition is to be taken as the period when the damages are to be determined. This, however, we do not understand to be limited to any particular day.   The estimate is to be made at about that time.   If there is a fluctuation in value, it may be shown, but testimony as to the value a short time after the appropriation is admissible, and in the absence of any proof showing an increase or diminution in value after the appropriation, a jury would be warranted in finding that the same values had existed at the time of the appropriation.   Ordinarily in one or two months there will be but little fluctuation in the values of real estate.   The location of a new line of railroad may, and in most cases does, advance the general values of land along the line of such railway, particularly near stations, but such advance usually seems to take place upon the location of the line and before the construction of the road, so that it may be said that the enhanced general values are discounted.   If, however, there should be such fluctuation, it may be shown. In any event the testimony was competent, although the court may require further proof of the relative values at the time of the appropriation.

The judgment is clearly right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.