ADOLPH C. BECK, APPELLEE, V. HERBERT O. SPRING: JOHN A. BENTLEY, APPELLANT.

FILED APRIL 10, 1923. No. 22301.

1. **Witnesses:** COMPETENCY. Evidence, set out in opinion, *held* to show that plaintiff was incompetent to testify to the value of the crop of wheat involved in the transaction.

2. ——: ——. One is not a competent witness as to the value of a tract of land, with a crop of winter wheat growing thereon, as of the date of April, 1920, when the only source of his information is from inquiries made in the neighborhood six months later.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Reversed.*

*Brogan, Ellick & Raymond,* for appellant.

*McKenzie, Cox, Burton & Harris* and *Radcliffe & Hyde,* contra.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., RAPER and TROUP, District Judges.

RAPER, District Judge.

Action to recover damages arising from an alleged conspiracy to defraud plaintiff in the sale of certain land in Sherman county, Kansas. From a verdict and judgment in plaintiff's favor, defendant Bentley appeals.

The alleged fraudulent misrepresentation was that plaintiff was negotiating for the purchase of a quarter-section of land in Sherman county, Kansas, and that defendants, to induce plaintiff to purchase same, represented to plaintiff that the land had been planted in October, 1919, with a good quality of winter wheat, and that the land was worth $55 an acre. This representation was made in the early part of April, 1920, and, in reliance thereon, plaintiff purchased the land for $55 an acre, and under the terms of sale was to have the wheat crop. It is further alleged that said representations were false, that the wheat had not, in fact, been planted in October, 1919, but was planted in February and March, 1920, and for that reason the crop did not mature and was worthless, and, because the crop was worthless, the land did not exceed $15 an acre in value. The defendants in the transaction were acting for the Bentley Land Company, from whom plaintiff bought the land.

Error is alleged in the court receiving in evidence the depositions of certain witnesses, residing in the vicinity of the land, over objections as to their qualifications to testify as to value of the land. All were farmers; some were landowners, and others were not, but all showed they had some probative information as to land values in the vicinity of the land in question in April, 1920. While some of it was weak, it was com-

petent, and its weight was for the jury to pass on.
*Northeastern N. R. Co. v. Frazier,* 25 Neb. 53. The
court did not err in admitting the depositions. The only
evidence offered by plaintiff as to what the land was
worth at the time of purchase, with a growing crop
of wheat thereon, such as had been represented, was his
own testimony.

Plaintiff lived in Nebraska, far from the land, and was
wholly unacquainted with the value of the land and
knew nothing of the growing of wheat. He went with
defendants in April and viewed the land; saw the wheat,
but could not tell whether it was as had been represented,
and took the assurance of the defendants and made the
purchase. He again visited the land in June and found
the crop worthless, but it does not appear that he then
made any inquiries as to the value of wheat crops.
Again, in September, he went to the land and, from in-
quiries he made of people in the vicinity on that trip,
he was permitted, over defendants' objection, to testify
that the land, with a crop of wheat that had been planted
in September or October, 1919, was worth in April
$55 an acre, and, without such a crop, was worth only
$15. The foundation for that testimony perhaps can
best be shown by quoting his own statements. He was
asked if he made any investigation about the market
value  of the land, and answered:

"I inquired considerably on that trip all through that
section of the country. Q. Did you become acquainted
with the market value of land? A. Yes, sir. Q. By be-
coming acquainted with the market value of this land
in September, did you know the value of this land when
it was sold to you? Were you able or are you able now
to state what was the reasonable market value of this
land when it was sold to you? A. Yes, sir. Q. In April,
1920? A. Yes, sir. Q. Now, what was the reasonable
market value of that land in April, 1920, Mr. Beck,
had it been sown with a crop of wheat, best grade of
wheat, in September or October of 1919, or the early

fall of 1919?" Objection made and overruled. "A. $55 an acre. * * * Q. Now, what was the reasonable value of the land, Mr. Beck, in April, 1920, with the crop on there that was actually on there?" Objection made and overruled. "A. $15 an acre."

On cross-examination, he could name but two persons with whom he talked. One of these was not a witness. The other one, a Mr. Wells, was called by defendants, and he said he placed the value much higher. Further, on cross-examination, plaintiff stated that he did not obtain any information as to any sales of land in that neighborhood in April, 1920. He further stated that he talked to several farmers. His testimony is clearly incompetent. It is not shown that he talked to any one who was qualified as to the values he gave, nor that he even inquired of any one as to what was the value of a crop of wheat in April, 1920. His estimate of values in that respect does not have the foundation of even hearsay evidence, and his opinion of the value of the land is based wholly on hearsay. The admission of this testimony was clearly erroneous.

Defendants urge that, inasmuch as plaintiff has not completed the contract, entered into between him and the Bentley Land Company, he cannot maintain this action. We do not so consider it. He entered into the contract which can be enforced against him by the vendor, and defendants are not in a position to question that contract. If they made the misrepresentations alleged and plaintiff was damaged thereby, they should suffer the consequences of their acts.

Another alleged error was the refusal of the court to instruct the jury that it was the duty of the plaintiff to make inquiries about the land and crop, and his failure to do so barred him from relying on the representations. Under the circumstances shown, the plaintiff had the right to accept the statements as to the crops and rely on them.

For the admission of plaintiff's testimony as to the

value of the land with the wheat crop, as it had been represented to him, the cause is reversed and a new trial granted.

REVERSED AND REMANDED.

---

'The following opinion on motion for rehearing was filed September 22, 1923. *Former judgment of reversal set aside and judgment of the district court affirmed.*

**Appeal.** Ordinarily a judgment will not be reversed for the admission of incompetent testimony, where the same fact has been established by competent testimony, and the evidence erroneously received is merely cumulative.

Heard before LETTON, ROSE, DEAN, ALDRICH, DAY and GOOD, JJ., BLACKLEDGE, District Judge.

DAY, J.

The issues involved in this case may be found in our former opinion reported, *ante*, p. 160, and need not be repeated.

In our former opinion the judgment of the lower court was reversed and the cause remanded for further proceedings, because the court improperly permitted the plaintiff to testify concerning the value of certain lands which plaintiff had been induced to purchase.

The plaintiff has filed a motion for rehearing, upon which a reargument has been had, and now contends that, while it may have been error for the trial court to permit the plaintiff to testify concerning the value of the land, it was, under the facts disclosed by the record, error without prejudice.

Upon the trial the plaintiff testified that, if the land which he purchased had been sown to wheat in the manner represented by the defendants, said land would have been worth in April, 1920, $55 an acre; that, in the condition the wheat actually was, the value of the land at that date was $15 an acre. We are still of the view that no sufficient foundation was laid to warrant the court in permitting the plaintiff to so testify. Upon the

reargument, however, it is pointed out that Bentley, the only defendant who has appealed, also testified that at the time of the sale in April, 1920, the land in question was worth from $55 to $60 an acre.

It is clear that error cannot be predicated upon the improper receipt of testimony tending to prove a given fact, where the party claiming error properly testified to the same fact. In such case the error is without prejudice. *Smith v. Chicago, B. & Q. R. Co.*, 81 Neb. 186.

It is further urged, however, that it was error to permit the plaintiff to testify concerning the value of the land in the condition it actually was; his testimony being that it was worth $15 an acre. Several other competent witnesses testified on this precise point, their estimate of the value ranging from $12.50 to $15 an acre. While the testimony of the plaintiff was improperly received, under all the circumstances we think it was error without prejudice, being merely cumulative. Ordinarily a judgment will not be reversed for the admission of incompetent testimony, when the same fact has been established by competent testimony, and the evidence erroneously received is merely cumulative.

Besides, it is quite apparent that the jury gave no credence to that part of the plaintiff's testimony to the effect that the land was worth but $15 an acre. The verdict was for $4,400, which shows that the jury allowed damages of $27.50 an acre for the quarter section. If the jury had followed the plaintiff's testimony, the verdict would have been for a much larger sum.

Upon a reexamination of the record, in the light of additional argument, we conclude that our former judgment should be set aside, and that the judgment of the district court should be affirmed.

FORMER JUDGMENT SET ASIDE, AND JUDGMENT OF THE DISTRICT COURT AFFIRMED.