FRANK PSOTA, APPELLANT, V. SHERMAN COUNTY, APPELLEE.

FILED DECEMBER 1, 1932. No. 28306.

*Clark J. Mingus* and *Robert P. Starr*, for appellant.

*W. H. Line, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an action for damages alleged to have been caused by the lowering of the grade of a county road, adjacent to plaintiff's farm. A general demurrer to plaintiff's amended petition was sustained. On plaintiff's refusal to further plead, a judgment of dismissal was entered. Plaintiff has appealed.

The following is a summary of the pertinent facts alleged in the petition: In 1916 plaintiff constructed his dwelling and farm buildings on the land, about 200 feet from the road. The buildings were constructed on or near the crest of a hill, and the roadway was practically on the same level as the ground on which the buildings were erected. In 1929 the county caused the roadbed at the crest of the hill in front of plaintiff's dwelling to be lowered to the extent of from 17 to 20 feet. Plaintiff's ingress and egress to and from his farm were materially impaired, his premises left unsightly, and plaintiff claimed other elements of damage as the result of lowering the road grade. No negligence is charged in the manner in which the improvement was made; nor is it charged that the improvement was not necessary and proper for the use of the public. There is no claim that the county appropriated any land outside the boundaries of the established road.

Plaintiff contends that his property has been damaged and decreased in value for a public purpose, and that, by virtue of section 21, art. I of the Constitution, which

reads: "The property of no person shall be taken or damaged for public use without just compensation therefor," he is entitled to recover the damages sustained, regardless of any negligence in making the improvement.

We quite agree with the proposition that if his property has been taken or damaged for a public use plaintiff is entitled to compensation therefor, unless such compensation has been previously waived or paid, and that it is immaterial whether there was any negligence in the manner of making the improvement. Defendant contends that, when the land was originally appropriated for a highway, the owner then received or waived any and all compensation to which he was entitled by reason of a proper·construction or improvement of the highway, and that, therefore, no cause of action arose by reason of the subsequent lowering of the grade, unless it was negligently done. Plaintiff, however, contends that the compensation awarded when the land was appropriated for a highway does not include the damage which he suffered by the later improvement in the change of grade. He cites and relies upon *Harmon v. City of Omaha,* 17 Neb. 548, *Douglas County v. Taylor,* 50 Neb. 535, and *Pillings v. Pottawattamie County,* 188 Ia. 567.

An examination of the first mentioned case indicates that it clearly supports plaintiff's contention. *Douglas County v. Taylor, supra,* is readily distinguishable. In that case plaintiff sued to recover damages occasioned by a change in the grade of a highway, but the facts there were essentially different. There the county went outside of the boundaries of the highway, took other land of plaintiff, cut his trees and made a fill in the lower land which spread out over plaintiff's land outside the highway. In that case it was properly held that he was entitled to recover. In the opinion there are some expressions that seem to lend countenance to the claim made by plaintiff, but the disposition of the case hinges on the proposition that land outside the highway was taken and damaged. That case, therefore, is really not an authority supporting

plaintiff's contention. The Iowa case, so far as applicable to the present situation, is an authority against the plaintiff's contention, further reference to which will be made later in this opinion.

On the other hand, defendant cites and relies upon *Churchill v. Beethe,* 48 Neb. 87. In that case it was held: "The proceedings by which a highway is opened call for a settlement and payment of all damages which may arise from such proper construction and maintenance of the highway, taking into consideration such fills, cuts, ditches, and culverts as a proper construction and maintenance may require." In the body of the opinion it was said (p. 90) : "It is now the settled law of the state that for all injuries which may arise on account of the proper construction or future operation of an improvement, an adjoining proprietor must be compensated in the original condemnation proceedings. *Omaha & R. V. R. Co. v. Moschel,* 38 Neb. 281; *Omaha S. R. Co. v. Todd,* 39 Neb. 818; *Fremont, E. & M. V. R. Co. v. Bates,* 40 Neb. 381; *Chicago, B. & Q. R. Co. v. O'Connor,* 42 Neb. 90. * * * The owner of adjoining lands is entitled to compensation not only for such injuries as might result from the use of the land appropriated in its natural state, but for all which would result from a proper construction, improvement, and maintenance of the highway, taking into consideration such embankments, cuts, bridges, culverts, and ditches as shall be required or warranted for the purpose of a proper construction and maintenance. Applying these principles to the present case, it would seem that the fill and culvert are not only a proper, but apparently a necessary improvement, for the purpose of properly maintaining the highway; and while, if plaintiff's lands will suffer an injury thereby, he was entitled to compensation therefor, it must be presumed that he received such compensation, or at least had an opportunity to receive it, when the highway was originally constructed."

In *Pillings v. Pottawattamie County, supra,* it was held: "The right acquired by the public in the road in question

by condemnation, purchase, or consent was not simply the right to travel, but included the right to improve the grades by cuts upon the elevations and fills upon the low lands.

"That public acquired right to improve road in question by means of cuts and fills must be presumed to have been contemplated, and their effect, if any, upon the value of the land over and along which the road was laid taken into consideration, in assessing damages for original taking.

"In the absence of statute, no right of action for damages will accrue to the adjacent owner from the mere fact that an improvement of the grade in established highway has rendered the use of his land less convenient.

"The owner of land adjacent to an improved highway cannot, in an action against the county and its officers or agents, recover consequential damages for injury resulting to his property by reason of such improvement." (176 N. W. 314.)

In 29 C. J. 544, it is said: "Upon the laying out of a highway the public acquire not only the right of way, but also the powers and privileges incident to that right, among which is the right to keep the highway in proper repair. To accomplish this purpose the proper officers may do any act in the highway that is necessary or proper to make and keep the way safe and convenient for the public travel. They may raise or lower the surface, dig up the earth, cut down trees, and use the earth, stone, and gravel within the limits of the highway in a reasonable and proper manner." At page 545 it is said: "The general easement in the public, acquired by the location of a highway, extends to the limits of the highway as located, and consists in the privilege of passage, with the powers and privileges which are incident to such a right, such as the right to construct and maintain a safe and convenient roadway, * * * and do any other acts which tend to facilitate travel, and are in furtherance of the purpose for which the easement was acquired."

As above noted, the decision in *Harmon v. City of Omaha, supra,* was, in effect, overruled in *Churchill v. Beethe, supra,* and we think the rule adopted in the latter case is based on reason and is supported by the weight of authority. When the public acquire either title to, or permanent easement in, a strip of land for a highway, the owner of the land is not only entitled to receive compensation for the value of the land actually taken, but such consequential damages to the remainder of his land as may result from a proper construction and maintenance of the highway, and if that proper construction for public use and travel requires cutting down a hill or filling in low places, such matters must have been within the contemplation of the parties at the time of the original taking, and the landowner either received, at that time, full compensation, or waived the right thereto.

We are aware that, in cities where the grade has been established and buildings have been constructed with reference to the established grade, the adjacent landowner may recover for any damage occasioned by the change in the grade, but, in the instant case, there is no allegation that any grade had been previously established. When plaintiff constructed his buildings on the site, he was required to take notice of the rights of the public, and that, if their rights and convenience required the cutting down of the hill and making fills in low places, they had acquired the right so to do, and plaintiff may not recover damages for any proper construction or improvement subsequently made in the highway.

The judgment of the district court is in accordance with established rule of law, and is

AFFIRMED.