IN RE APPLICATION OF PLATTE VALLEY PUBLIC POWER AND
IRRIGATION DISTRICT.
HAROLD E. COATES, ADMINISTRATOR, ET AL., APPELLEES, V.
PLATTE VALLEY PUBLIC POWER AND IRRIGATION DISTRICT,
APPELLANT.
289 N. W. 383
FILED DECEMBER 20, 1939. No. 30661.

*Beeler, Crosby & Baskins* and *Robert B. Crosby,* for appellant.

*J. T. Keeffe* and *Harold E. Coates, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

SIMMONS, C. J.

This is an action brought by the appellant for the purpose of acquiring a right of way across lands of the appellees for the construction, operation, and maintenance of drainage ditches. The appellees hereinafter will be called the plaintiffs and the appellant hereinafter will be called the defendant. The defendant appeals from an award in favor of the plaintiffs.

The following statement of facts is all that is necessary for the purpose of the question here presented and determined. The defendant is a corporation organized and existing under and by virtue of Senate File No. 310, Laws of Nebraska 1933, ch. 86; Comp. St. Supp. 1939, secs. 70-701 to 70-715. The defendant constructed and put in operation

a diversion canal and storage reservoir in Lincoln county, known as the Sutherland reservoir. Shortly thereafter, seepage water appeared on lands between the reservoir and the river, and a large part of the plaintiffs' lands became water-logged and seeped. "This seepage, or a portion thereof" came from impounded waters in the reservoir. The defendant, being "in part at least" liable for the seeped and water-logged condition of the land, proposed the construction of a drainage system, and for that purpose brought this action to condemn land, including parts of the water-logged and seeped lands of the plaintiffs. It is agreed by both parties that this is not an action for damages arising out of seepage of said lands.

During the examination of plaintiffs' first witness, the trial court, in ruling upon the introduction of testimony, stated:

"The court, in the trial of this case, rules that the measure of damage in this case will be such as to consider the land as if it were completely dry and had never been seeped in any manner, and as if though it never would be seeped, the measure of damages being the value of the land actually taken as if dry, and as if it never had been seeped and never would be seeped, plus consequential damages to the rest of the land by virtue of the construction of the ditch, such balance of the land also being treated as though it were dry and had never been seeped and never in fact would be seeped. This is upon the theory that another action for damages for the seepage may be recovered, but not in this case. Any other rule would prevent the plaintiff from recovering consequential damages to the balance of the land on account of the benefits of this ditch being sufficient to offset the consequential damages to the balance of the land. If the value were taken as of the date of the beginning of these proceedings, with the seepage upon it, the consequence would be that the land taken would be of little or no value. The attorneys therefore will try the case upon the theory that seepage is not there at all."

The trial court followed this theory in its instructions

to the jury and in the jury's verdict which the court approved.

Is it a correct statement of the law?

Section 7, Senate File No. 310, *supra,* provides in part as follows: "In addition to any other rights and powers hereinabove conferred upon any district organized under the provisions of this act, such district shall have and exercise the power of eminent domain for the purposes and after the manner provided for in sections 46-602, 46-603, 46-607, 46-608, 46-617, Compiled Statutes of Nebraska, 1929, or in any one or more of said sections." See Comp. St. Supp. 1939, sec. 70-707.

"In case of the refusal of the owner or claimant of any lands through which such ditch, canal or other works are proposed to be made or constructed, to allow the passage thereof, the person, desiring the right of way, may present to the judge of the county in which such lands are situated, a petition describing the lands to be crossed, the size of the ditch, canal or works, the quantity of land which is required to be taken, and setting forth the names of the parties interested in the lands to be crossed, and praying for the appointment of five appraisers, disinterested freeholders of said county, to ascertain the compensation to be made to such owners or parties interested. Upon the filing of said petition, the same proceedings for condemnation of such right of way shall be had as is provided by law for the condemnation of rights of way for railroad corporations; and the same provisions of law providing for the condemnation of rights of way for railroad corporations, the payment of damages and the rights of appeal shall be applicable to irrigation ditches, canals and other works provided for in this article." Comp. St. 1929, sec. 46-603.

This court has held:

"The damages to which a landowner is entitled by reason of the construction of a railway across his farm are (1) the actual value of the land taken at the time of the taking, without diminution on account of any benefit or other set-off whatsoever; (2) the depreciation in value of the re-

mainder of the farm, caused by the appropriation of a part thereof for railway purposes, and the construction and permanent operation and occupation of the railroad thereon, excluding general benefits." *Omaha S. R. Co. v. Todd,* 39 Neb. 818, 58 N. W. 289.

"The elements of damage for the construction of a railroad across a farm are the actual value of the portion taken and the depreciation in value of the remainder caused by the proper construction and operation of the railroad, excluding general benefits." *Chicago, R. I. & P. R. Co. v. Buel,* 56 Neb. 205, 76 N. W. 571.

"Where land is taken from the owner by the power of eminent domain, the owner is entitled to receive the full market value of such land as of the date it was appropriated." *Stewart v. City of Lincoln,* 108 Neb. 825, 189 N. W. 279.

"The compensation for land taken by right of eminent domain is measured by its market value at the time taken, and no evidence is admissible of its peculiar value for special reasons to its owner." *Wiles v. Department of Public Works,* 120 Neb. 689, 234 N. W. 918.

"The measure of damages for land taken for public use is the fair and reasonable market value of the land actually appropriated and the difference in the fair and reasonable market value of the remainder of the land before and after the taking." *McGinley v. Platte Valley Public Power and Irrigation District,* 133 Neb. 420, 275 N. W. 593.

"Actual market value at the time of the institution of the condemnation proceedings is usually the inquiry." 18 Am. Jur. 877, sec. 242.

"The just compensation, required by the clause in the Constitutions, to be made to the landowner, is to be measured by the loss occasioned to him by the appropriation." 2 Kinney, Irrigation & Water Rights (2d ed.) 1941, sec. 1081.

These general rules are not in dispute. The difficulty presented is caused by the trial court's requirement that the case be tried "upon the theory that seepage is not there at

all," rather than upon the·fact that seepage was there. In this action, is the defendant required to pay for the land taken and the resulting damages to the remaining land, based upon its seeped condition, or should the values be based upon what its value and condition were before the seepage occurred? It is obvious that, under the "theory" of the trial court, the witnesses were required to base their opinion as to value upon a pretended and nonexistent situation. The record discloses that some of the witnesses found it impossible to disassociate the fact from the theory and were permitted to testify as to values based in part upon the fact of the seeped condition. When, as here, the jury were permitted to view the premises, they were permitted to see a condition of fact as to the condition of the land, not in accord with the "theory" upon which the court required the case to be tried, and not in accord with the requirement of the verdict which they rendered.

The damages that are recoverable in a condemnation action are those that arise as a consequence of the condemnation, and from no other cause. Compensation is to be recovered in this action for the depreciation in value caused by the taking of land and the construction and operation of the drainage ditch, and not for that caused by the seepage of water from the reservoir.

Here the issue is the damage caused by the condemnation. The damage caused by the seepage from the reservoir is not an issue.

It necessarily follows that the evidence as to the value of the land taken and damaged by the condemnation proceedings must be based upon its value in the condition in which it was at the time of the condemnation. The damage caused to this same land by seepage from defendant's reservoir gives rise to a cause of action for which damages may be presently recovered in a proper action. See *Applegate v. Platte Valley Public Power and Irrigation District,* 136 Neb. 280, 285 N. W. 585. "Damages from seepage shall be recoverable when and if it accrues." Laws 1933, ch. 86, sec. 7; Comp. St. Supp. 1939, sec. 70-707.

318

The error of the trial court ·can be demonstrated by one illustration. Suppose "A" built the reservoir and caused the seepage damage. Suppose "B" proposed to drain the land and brought this action for condemnation. Then it is clear that "A" would be liable for damages for the seepage, and "B" would be liable for damages for the condemnation. It is also obvious that the damages which "B" would be required to pay would be based upon the value of the land already damaged by seepage. The fact that in the instant case "A" and "B" are one and the same does not alter the situation. Liability to respond in damages arises from the nature of the acts, not from the identity of the parties.

This error of the trial court permeates the evidence, the instructions, and the jury's verdict. It is a prejudicial error that requires a reversal of the case and makes a discussion of the other errors assigned unnecessary.

REVERSED.