LOUIS BEHLE, APPELLEE, V. LOUP RIVER PUBLIC POWER DIS-
TRICT, APPELLANT.

293 N. W. 413

FILED AUGUST 2, 1940. No. 30799.

*C. N. McElfresh* and *August Wagner*, for appellant.

*Walter, Flory & Schmid, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE,
CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is a proceeding to condemn an easement for a ditch
to drain seepage waters. The verdict and judgment were
for the plaintiff in the amount of $1,990.08. Defendant ap-
peals.

The record discloses that the defendant is a corporation
organized under sections 70-701 to 70-715, Comp. St. Supp.
1933, for the purpose of constructing and operating a hydro-
electric system. As a part of its works, defendant con-
structed a reservoir close by the plaintiff's farm, on land
approximately 100 feet higher in elevation. As a result of
seepage from this reservoir, most of the south 31 acres of
plaintiff's 116-acre farm was inundated with seepage water.
To alleviate this situation by draining the water and re-
claiming the ruined lands, defendant condemned a right of
way for a drainage ditch. The right of way taken runs
diagonally across the 31-acre tract, taking 2.91 acres there-
of, and leaving 10 acres to the north and 18.3 acres to the
south of it.

Defendant contends that the trial court erred in the giv-
ing of instructions Nos. 7, 7½ and 10, wherein the jury

were instructed that in fixing the damages to the farm they must consider it as it was before there was any seepage on it, and not as it was in its seeped and flooded condition. It has long been the rule in this state that the measure of damages for land taken for public use is the fair and reasonable market value of the land actually appropriated and the difference in the fair and reasonable market value of the remainder of the land before and after the taking. *McGinley v. Platte Valley Public Power and Irrigation District,* 133 Neb. 420, 275 N. W. 593. That the instructions given are not in accord with this rule has been determined by this court in the case of *In re Platte Valley Public Power and Irrigation District,* 137 Neb. 313, 289 N. W. 383, wherein we said: "It necessarily follows that the evidence as to the value of the land taken and damaged by the condemnation proceedings must be based upon its value in the condition in which it was at the time of the condemnation. The damage caused to this same land by seepage from defendant's reservoir gives rise to a cause of action for which damages may be presently recovered in a proper action." It is clear therefore that the trial court submitted the case to the jury on an incorrect measure of damages.

Plaintiff contends that the parties to the case tried it on a common theory—that as defendant was liable for the seepage damage as well as for the land appropriated and the severance damages resulting therefrom, the farm should be treated for the purpose of this suit as if no seepage damage had occurred. We think there is merit to this contention. All the evidence of value was based on this assumption without objection on the part of defendant. Defendant, in examining its expert witness as to the value of the lands before the taking, made the same assumptions. There is also evidence in the record that defendant advised the appraisers appointed by the county judge to treat the lands as if no seepage existed. From a consideration of the whole record we come to the conclusion that it fairly shows that the case was presented to the court and jury on the theory that the lands involved were to be considered as if free

from seepage damage. While it is true that the court's instructions on the measure of damage were incorrect, yet they fairly reflect the theory adopted by both litigants in the submission of evidence, and under such circumstances they do not constitute reversible error. We think the correct rule is: Where a certain theory as to the measure of damages is relied upon by the parties to the trial as the proper one, it will be adhered to on appeal whether it is correct or not. *Parker v. Knights Templars & Masons Life Indemnity Co.,* 70 Neb. 268, 97 N. W. 281; *Bothell v. Miller,* 87 Neb. 835, 128 N. W. 628; *Nebraska State Bank v. May,* 117 Neb. 262, 220 N. W. 276; *Warne v. Finseth,* 50 N. Dak. 347, 195 N. W. 573.

Defendant complains of the rulings of the trial court on objections to certain questions specifically described in defendant's assignment of errors. We have examined these rulings and find that they are free from prejudicial error.

There is evidence in the record to sustain the verdict of the jury on the theory upon which it was tried. In view of the fact that the amount of the judgment is not assigned as excessive in the brief of appellant, there is nothing for us to consider in that respect in any event. We find no prejudicial error in the record.

AFFIRMED.