Oren Clary et al., Appellants, v. State of Nebraska, Department of Roads and Irrigation of the State of Nebraska, Appellee.

107 N. W. 2d 429

Filed February 10, 1961.    No. 34875.

*Baskins & Baskins,* for appellants.

*Clarence A. H. Meyer,* Attorney General, and *Harold S. Salter,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Wenke, Spencer, and Boslaugh, JJ.

Spencer, J.

This is an action brought to recover equitable relief and damages caused by erosion occasioned by the diversion of a watercourse. Judgment was rendered for defendant. Plaintiffs appeal.

Plaintiffs Oren Clary and Naomi Clary, husband and wife, hereinafter referred to as appellants, are the owners of Section 15, Township 15 North, Range 42 West of the 6th P. M., Garden County, Nebraska. This section was acquired by Oren Clary through descent from his parents, Morse P. and Lou C. Clary. On Feb-

ruary 7, 1939, Morse P. and Lou C. Clary gave an option to the Central Nebraska Public Power and Irrigation District, hereinafter referred to as district, for a right-of-way across said section. On May 4, 1939, Morse P. and Lou C. Clary executed and delivered a warranty deed to said district, conveying title to the right-of-way. The right-of-way was secured by the district for the purpose of relocating U. S. Highway No. 26, hereinafter referred to as highway, which was being inundated by the construction of McConaughy Dam across the North Platte River.

When completed, the district, in accordance with agreements, gave the new highway across appellants' land to the State of Nebraska. It then became a part of the state highway system.

Appellants present two questions: First, the liability of the State for damages for the obstruction of a natural watercourse; and second, whether the provisions of the deed constituted a bar to recovery.

Appellants contend that the district, being a public power and irrigation district organized under S. F. 310, Laws of Nebraska 1933, chapter 86, page 337, now sections 70-601 to 70-672, R. R. S. 1943, had no authority to exercise the power of eminent domain to acquire real estate for the construction of a highway. The question is material on the availability of presumptions attendant to the conveyance of property to one having the power of eminent domain. The right-of-way in question was not acquired by condemnation proceedings but by purchase.

This exact question was raised against this same district in a condemnation relating to this same highway in Feltz v. Central Nebraska Public Power & Irr. Dist., 124 F. 2d 578. In that case, the Circuit Court of Appeals for the Eighth Circuit determined that the district was a qualified licensee under the Federal Power Act, 16 U. S. C. A., § 791a et seq., and as such licensee had the power of eminent domain for the purpose stated. The

question, therefore, as to whether the Nebraska statutes giving the district power to condemn are sufficiently broad to cover a condemnation for the relocation of a highway to be covered by the dam, which we do not decide, is immaterial herein. We have no quarrel with the law of eminent domain cited by appellants. We do question its applicability to the facts herein.

The trial court found that there was no improper construction in the relocation of the highway. There is not one iota of evidence in the record indicating improper construction, except as it may be inferred from the fact that erosion did occur. Suffice it to say that appellants had the burden of proof on improper construction. They have not sustained that burden.

In Snyder v. Platte Valley Public Power & Irr. Dist., 140 Neb. 897, 2 N. W. 2d 327, we said: " 'It is now the settled law of the state that for all injuries which may arise on account of the proper construction or future operation of an improvement, an adjoining proprietor must be compensated in the original condemnation proceedings.' " We also held in that same case that: "The purchase of lands for a right of way in lieu of condemnation carries with it all of the incidents of eminent domain or condemnation in so far as damages by reason of construction are concerned."

In Psota v. Sherman County, 124 Neb. 154, 245 N. W. 405, we said: " 'The owner of adjoining lands is entitled to compensation not only for such injuries as might result from the use of the land appropriated in its natural state, but for all which would result from a proper construction, improvement, and maintenance of the highway, taking into consideration such embankments, cuts, bridges, culverts, and ditches as shall be required or warranted for the purpose of a proper construction and maintenance.' "

In the instant case, the option agreement, exhibit 23, referred to an attached plat. The deed, exhibit 22, contained the following language: "Plats of the above

described tracts of land *are attached hereto and made a part hereof."* (Italics supplied.) The plat which is material herein is exhibit 18. It shows the proposed channel change.

Applying the principles announced above to the present case, it would seem that the new channel construction shown on the plat attached to the deed was a necessary improvement for the purpose of properly maintaining the highway. We therefore hold that there can be no question but that the acquisition in the instant case contemplated a diversion of the old channel.

We do not agree with appellants that the term "damage" is related only to the construction of the highway, but hold, under the facts in this case, that the channel change was appurtenant to the construction of the highway. The deed, exhibit 22, recites: "The above named consideration includes payment to the grantors *for damages sustained by reason of the occupation and construction on said real estate by* The Central Nebraska Public Power and Irrigation District and their successors and assigns." (Italics supplied.)

Under the well-settled law of this state, it must be presumed that appellants' predecessors in interest were compensated, or at least had an opportunity to be compensated, for all damages that could reasonably be contemplated, including the contingency of erosion.

We conclude that the trial court was correct in holding that appellants could not recover. The judgment of the trial court should be and it hereby is affirmed.

AFFIRMED.