DANIEL N. WEBSTER, APPELLEE, v. BRUCE L. HALBRIDGE, APPELLANT.

176 N. W. 2d 8

Filed April 3, 1970. No. 37394.

Stephen A. Davis of Cassem, Tierney, Adams & Henatsch, for appellant.

George O. Kanouff, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an action for damages for personal injuries and property damage in which the trial court directed against the defendant on liability. The jury returned a verdict for the plaintiff in the amount of $1,600. The trial court sustained plaintiff's motion for a new trial because in his opinion the jury was influenced by matters not relevant to the case and the verdict was inadequate. Defendant perfected an appeal to this court.

Under our law a motion for a new trial is ordinarily addressed to the sound discretion of the trial court and is not subject to review absent an abuse of discretion. The district court has the power and is required to consider and determine motions for a new trial by the exercise of its judicial discretion. As used in this connection, judicial discretion means the application of statutes and legal principles to all of the facts of the case. State v. Wixson, 175 Neb. 431, 122 N. W. 2d 72.

We held in Wagner v. State, 176 Neb. 589, 126 N. W. 2d 853, that this court will not ordinarily disturb a trial court's order granting a new trial, and not at all unless it clearly appears that no tenable ground existed therefor.

This accident occurred when the plaintiff's eastbound vehicle entered the intersection of Forty-second and Harney Streets in Omaha, Nebraska, on a green light, and the defendant's vehicle forcefully collided with it. Plaintiff's car damage was $676.33, and his special damages would slightly exceed the amount of the verdict. Plaintiff sustained some injuries as the result of the accident. He spent 2 hours at the hospital after the accident and made several visits to his doctor's office. A wound on his head required four stitches. The medical testimony indicated that the scar on his forehead would be to some extent permanent. The amount of plaintiff's special damages totaled $2,015.61. The only con-

troverted item is whether or not the plaintiff could have gone back to work on October 18 rather than on October 31. Even if we deduct the difference his out-of-pocket expenses would be more than $1,600.

The incident referred to by the trial court between the defendant and the plaintiff's son came into the record on the direct testimony of the defendant without objection. Ordinarily, where testimony is offered and admitted in evidence without objection being made thereto, error cannot be predicated on it. State v. Dillon, 175 Neb. 444, 122 N. W. 2d 223.

A direction of liability for a collision does not thereby constitute an admission that all damages claimed by a plaintiff were the proximate result of the accident. Cooper v. Hastert, 175 Neb. 836, 124 N. W. 2d 387. However, where the amount of damages allowed by a jury is clearly inadequate under the evidence in the case, it is error for the trial court to refuse to set aside such verdict. Gross v. Johnson, 174 Neb. 273, 117 N. W. 2d 534.

It was the opinion of the trial court in setting aside the verdict on the grounds of inadequacy that the demeanor of the witnesses and the incident between the defendant and the plaintiff's son after the accident must have influenced the jury to the detriment of the plaintiff. On this record we find that the trial court did not abuse its discretion in sustaining the motion for a new trial. Absent such abuse, the judgment should be and hereby is affirmed.

AFFIRMED.