CHARLES LECHLITER ET AL., APPELLANTS, v. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

176 N. W. 2d 917

Filed May 8, 1970. No. 37471.

Dwight Griffiths and Perry, Perry & Witthoff, for appellants.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., Robert G. Avey, and Royce N. Harper, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is a condemnation action involving the total taking of a combination home and service station 5 miles south of Auburn, Nebraska, at the southwest corner of the intersection of U. S. Highway No. 73-75 and a graveled country road, commonly known as the "Howe" corner. The jury made an award of $31,700. The trial judge sustained a motion for a new trial, and the plaintiffs have perfected an appeal to this court.

The home, which was completely modern, contained 960 square feet. It had a private sewer system and a water system pumping water from a private well. The driveway was rocked and the premises had a grassed area used for picnics and occasional parking of trailers.

The service station was operated by Mrs. Lechliter in connection with the home. Mr. Lechliter operated a Skelly oil tank wagon out of the service station, serving both wholesale and retail customers.

One of plaintiffs' expert witnesses, Alfred R. Larson, testified the value of the property was $33,400. To arrive at this figure, he gave the value of all improvements as $18,000, the value of the land as $1,000, and the value of the business as $14,400. He testified he arrived at the value of the business by multiplying an annual net profit of $1,800 by 8 years. This testimony was properly stricken on motion. Thereafter the witness was permitted to testify as follows: "Q What, Mr. Larson, what I am seeking to get at is: you have given the component items of your reason for the $33,400.00, total damage, total value, of this property, is that correct? A Yes sir. Q We have one other factor that conerns (concerns) a value on this, and a component part of the value of this real estate, because there was located thereon and operating thereon a going business. Now, to the extent that, in your opinion, the items that you have allocated to the total damage do not include, what item do you include in your opinion of the overall total market value of this property for the presence thereon of a going business on April 25, 1968?" Objection as to improper measure of damages overruled. "A $14,400.00."

Plaintiffs' other expert testified that the fair market value of the property was $30,000. This valuation was premised on his statement that he thought he could sell it for that figure.

Under our law, a motion for a new trial is ordinarily addressed to the sound discretion of the trial court and is not subject to review absent an abuse of discretion. The trial court has the power and is required to consider and determine motions for a new trial by the exercise of its judicial discretion. As used in this connection, judicial discretion means the application of statutes and legal principles to all of the facts of the case. State v.

Wixson, 175 Neb. 431, 122 N. W. 2d 72.

This court will not ordinarily disturb a trial court's order granting a new trial, and not at all unless it clearly appears that no tenable ground existed therefor. Webster v. Halbridge, *ante* p. 409, 176 N. W. 2d 8.

The compensation for land taken by right of eminent domain is measured by its full market value as of the date of the appropriation. Stewart v. City of Lincoln, 108 Neb. 825, 189 N. W. 279. Anything connected with the land that would influence its market value in the mind of a good-faith intending purchaser is an element for consideration in determining damages. Papke v. City of Omaha, 152 Neb. 491, 41 N. W. 2d 751. For the purposes of this case, we consider the highest and best use of the property taken was as a home and the operation of the business in conjunction with that home.

The condemnation, however, did not involve the taking of the business but the property on which the business was conducted. The condemner acquired only the real estate, the improvements, and the location. The plaintiffs retained any element of goodwill and the option of continuing the business in some other location. Actually, the tank truck business was moved to a new home in Auburn. There can be no damage allowed for the destruction of the business. The only issue relating to the business is the extent to which the operation of the business on the land enhanced the value of the property. Injury to a business or loss of profit or the inconvenience of the carrying on of the business in another location are not elements of damages in this state. See Bickels v. State, 178 Neb. 825, 135 N. W. 2d 872, in which we held: "The law in this jurisdiction is well settled that when land occupied for business purposes is taken by eminent domain, anticipated profits from the carrying on of the business in its established location cannot be considered in estimating the damages."

The evidence herein would indicate that the top net profit from the business being operated on the prem-

ises, making no allowance for Mrs. Lechliter's services, was $1,800 per year. Plaintiffs' expert testified that to determine the value of the business to the property, he multiplied the net profit of $1,800 by 8, representing 8 years profit, to obtain a value of $14,400. This was the explanation heard by the jury.

As stated above, the compensation for land taken by eminent domain must be measured by its full market value at the time taken. The method used by plaintiffs' expert would seem to be a recovery based upon the value of the real estate and improvements, plus a projection of possible profits for 8 years for the loss of the business. The trial court did not err in sustaining the motion for a new trial herein.

We affirm the judgment ordering a new trial.

AFFIRMED.