EMERY C. HANSEN ET AL., APPELLANTS, V. COUNTY OF CASS,
A MUNICIPAL CORPORATION, APPELLEE.

177 N. W. 2d 568

Filed May 22, 1970.   No. 37459.

Burbridge & Burbridge and Ronald D. Svoboda, for appellants.

James F. Begley, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Plaintiffs alleged that defendant's project to improve a highway and straighten a creek had caused overflow damage to their farm and personal property. The district court on defendant's motion for summary judgment dismissed the petition. Plaintiffs appeal. Defendant argues claim preclusion by the final award of compensation to plaintiffs in a previous eminent domain proceeding relating to the project.

In 1959 defendant by eminent domain acquired the fee in a strip 7 feet wide along the south side of plaintiffs' farm. On the profile-plat filed in the proceeding the strip, as right-of-way for defendant's abutting east-

west highway, extended from station 97+66 to station 110+82. In the same proceeding defendant also acquired a permanent easement to straighten the creek which crossed plaintiffs' farm. The easement, 100 feet wide, extended approximately 600 feet northwest from the north side of the highway at station 100+50. The appraisers' award to plaintiffs was paid, no appeal having been taken.

The profile-plat of the project on file in the condemnation proceeding imparted little to an untrained eye. Its author in an affidavit for the present suit stated: "The project was constructed . . . in 1960 in accordance with the plans; a new creek channel was constructed on . . . (plaintiffs') land 50 feet wide at the top, 12 to 15 feet deep, replacing the old channel which was approximately 12 feet deep and 25 to 30 feet wide at the top, which increased to 40 feet under the old bridge at station 101+45, then narrowed to 25 to 30 feet south of the bridge; the channel south of the bridge was widened and straightened for a distance of about 500 feet; a new bridge was erected and the old one removed at station 101+45, increasing the span length from 46 feet to 60 feet, and raising it approximately 6 feet. . . ."

Plaintiffs retained William H. Scott, an engineer, who concluded: "The channel constructed by (defendant) . . . reduced the channel area by 50%; reduced the capacity of the channel by 60%; and the new road fill, bridge, and channel reduced the area for water flow at station 101+45 by 45%. . . . (The) area flooded as the result of the new channel, bridge, and fill exceeded 17 acres and involved an area more than 11 times larger than the area condemned by . . . (defendant) prior to the project."

According to plaintiffs' petition: (1) Construction of the bridge and embankment obstructed and narrowed the opening for carriage of waters in the natural flood plain south of the highway; (2) impounding of natural floodwaters damaged the farm in 1964 and 1965; and

(3) negligence of defendant in constructing the embankment and in altering the creek channel were the sole proximate cause of the damage.

In an eminent domain proceeding the principle of just compensation for damage to the remainder excludes conjectural items. Yet for all damage to the remainder on account of proper construction or operation the landowner must obtain compensation in the first proceeding. See, State v. Dillon, 175 Neb. 444, 122 N. W. 2d 223 (1963); McGree v. Stanton-Pilger Drainage Dist., 164 Neb. 552, 82 N. W. 2d 798 (1957). The final condemnation award is conclusive both on questions actually litigated and on questions necessarily within the issues. It is not conclusive in a subsequent action as to remainder damage that was caused by improper construction or operation and that was not actually litigated in the first proceeding. Liability rests upon the original taking or damaging for public use. Recovery is permitted because the new element was not contemplated or determined at the time of the taking or damaging. Schmutte v. State, 147 Neb. 193, 22 N. W. 2d 691 (1946); Snyder v. Platte Valley Public Power & Irr. Dist., 140 Neb. 897, 2 N. W. 2d 327 (1942); Bunting v. Oak Creek Drainage Dist., 99 Neb. 843, 157 N. W. 1028 (1916). See generally Van Alstyne, "Inverse Condemnation: Unintended Physical Damage," 20 Hastings L. J. 431 (1969); McCormick, "The Measure of Compensation in Eminent Domain," 17 Minn. L. Rev. 461 at 482 to 487 (1933); Mandelker, "Inverse Condemnation: The Constitutional Limits of Public Responsibility," 1966 Wis. L. Rev. 3.

The record in the present case fails to show that there was no genuine issue of material fact. The summary judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.