PHILIP F. VERZANI ET AL., APPELLEES, V. STATE OF
NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

195 N. W. 2d 762

Filed March 17, 1972. No. 38069.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., Gary R. Welch, Dale L. Babcock, Jr., and Royce N. Harper, for appellant.

Smith, Smith & Boyd and Robert G. Scoville, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding in eminent domain. On August 4, 1969, the defendant, State of Nebraska, condemned 4.85 acres of land in Dakota County, Nebraska, for highway purposes. The land taken was part of a 10-acre tract which was being purchased by the plaintiff Raymond L. Kilberg from Philip F. Verzani and Emma L. Verzani. While the proceeding was pend-

ing, the contract was completed and the land conveyed to Raymond L. Kilberg and Robert C. Kilberg. See Northeastern Nebraska R.R. Co. v. Frazier, 25 Neb. 42, 40 N. W. 604. The vendors have filed a disclaimer in the proceeding.

In the district court the damages were fixed at $27,017. The State has appealed and contends that the trial court erred in permitting the jury to consider certain items of damage.

The principal controversy concerns severance damages. The evidence shows that the 10-acre tract was being used in conjunction with adjacent land lying to the west in the operation of a racetrack known as Raceway Park. The adjacent land consisted of a tract 22 rods wide owned by Raymond L. Kilberg and Darlene Kilberg, and a 1-acre tract owned by Raceway Park, Inc. Raceway Park, Inc., and Robert C. Kilberg were not parties to the proceeding.

Raceway Park, Inc., is a corporation in which 40 percent of the stock is owned by Raymond L. Kilberg, 40 percent by Robert C. Kilberg, 10 percent by Robert Murphy, and 10 percent by Eugene A. Kock. In addition to owning the 1-acre tract of land, the corporation held a lease on the other property. The record indicates that the racetrack; other improvements consisting of bleachers, retaining walls, office building, concession stands, and toilets and washroom facilities; and fencing were located on the 1-acre tract and the 22-rod tract. The 10-acre tract was used as a parking lot.

Over the objection of the defendant, the trial court permitted the plaintiffs to introduce evidence concerning consequential damages to the land and improvements adjacent to the 10-acre tract. The defendant contends that any severance damage should have been limited to the 5.15 acres remaining in the 10-acre tract after the taking.

The rule is well established that where only a part of the property is taken, the landowner may recover the

value of the land appropriated and the depreciation in value of the remainder of the land. The remainder is generally considered to be land which is owned by the same proprietor, contiguous to the land taken, and devoted to the same use. Rath v. Sanitary Dist. No. One, 156 Neb. 444, 56 N. W. 2d 741; Platte Valley Public Power & Irr. Dist. v. Armstrong, 159 Neb. 609, 68 N. W. 2d 200. As stated in 4A Nichols on Eminent Domain (3d Ed.), § 14.31 (2): "It is, of course, essential to constitute a single parcel that it be owned in its entirety by one owner or one set of owners."

The evidence in this case established a diversity of ownership in the land and improvements adjacent to the 10-acre tract. The facts did not justify a disregard of the corporate identity of Raceway Park, Inc. See Jonas v. State, 19 Wis. 2d 638, 121 N. W. 2d 235, 95 A. L. R. 2d 880. The evidence as to severance damages should have been restricted to that part of the 10-acre tract remaining after the appropriation of 4.85 acres.

The plaintiffs produced an expert witness, Leonard W. Dierking, who testified that the only remainder land damaged was the 5.15 acres. However, he was permitted to testify over objection as to the value of the improvements before and after the taking by a capitalization of income method. The plaintiffs rely upon Iske v. Metropolitan Utilities Dist., 183 Neb. 34, 157 N. W. 2d 887, and contend that this was a proper method for determining the value of the improvements.

In the Iske case, the witness capitalized royalty income from minerals in place and rental income to be received from the property after the minerals had been removed. In this case the opinion testimony was based upon a capitalization of profits from a business conducted upon the property. The witness used a mixture of assumed amounts and information taken from the books of the racetrack to calculate income before and after the taking.

In an eminent domain proceeding, anticipated profits

from the continued carrying on of a business in an established location cannot be considered in estimating the damages, and the profits of a business cannot be shown for the purpose of proving the value of property. Lechliter v. State, 185 Neb. 527, 176 N. W. 2d 917; James Poultry Co. v. City of Nebraska City, 135 Neb. 787, 284 N. W. 273. The profits from a business furnish no test of the value of the property upon which the business is conducted because the profits depend to a large extent upon capital employed and the skill of management. 4 Nichols on Eminent Domain (3d Ed.), § 12-3121 (1). The opinion evidence based upon a capitalization of income from the operation of the racetrack should have been excluded in this case even if the value of the improvements had been an issue.

The plaintiffs were also allowed to introduce evidence of damage resulting from failure to properly locate drains under the highway, and damage resulting from a restriction of access due to the separation of opposing traffic lanes of the new highway.

The pleadings raised no issue concerning damage resulting from improper design or construction of the highway, and damage related to traffic flow is not compensable. See, Clary v. State, 171 Neb. 691, 107 N. W. 2d 429; Scheer v. Kansas-Nebraska Natural Gas Co., Inc., 158 Neb. 668, 64 N. W. 2d 333; Painter v. State, 177 Neb. 905, 131 N. W. 2d 587.

It is unnecessary to consider the other assignments of error.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

SMITH, J., concurring.

The requirement that the condemnee in an eminent domain proceeding must plead damage from improper construction of a highway or other improvement is a product of several rules. A final condemnation award is not conclusive in a subsequent action for remainder

damage that was caused by improper construction or operation and that was not actually litigated in the first proceeding. Recovery in a subsequent suit is permitted because such new element was not contemplated or determined at the time of the taking or damaging. Hansen v. County of Cass, 185 Neb. 565, 177 N. W. 2d 568 (1970). I classify improper design with improper construction and operation.