219 N.W.2d 451 (1974)
191 Neb. 191
Josephine M. JOHNSON, Mother and Natural Guardian of Marty D. Johnson, a minor, Appellee,
v.
Ray E. ENFIELD, Appellant.
No. 39351.
Supreme Court of Nebraska.
June 27, 1974.
*452 William J. Riedmann, Riedmann & Welsh, Omaha, for appellant.
Miller & Rowen, J. Thomas Rowen, J. Patrick Green, Fromkin, Fromkin & Herzog, Omaha, for appellee.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON and BRODKEY, JJ.
WHITE, Chief Justice.
In this truck-motorcycle personal injury accident, the plaintiff mother brought suit for her minor son for the personal injuries he sustained, and joined her own derivative action to recover the hospital and medical expenses. The jury returned a verdict for the plaintiff on the cause of action for the son's personal injuries; and on the derivation action for the plaintiff herself, the jury returned a verdict for the defendant. On motion of the plaintiff, the District Court granted a new trial on both causes of action, from which the defendant appeals. We affirm the judgment and order of the District Court granting a new trial.
We outline only the facts necessary for a decision on this appeal. The defendant's truck was parked parallel to the curb on the north side of a narrow city street in Omaha, Nebraska. Its motor was running. The plaintiff's minor son while riding a small Yamaha motorcycle passed to the defendant's left, pulled up to the curb in front of the defendant's truck, and stopped for the purpose of restarting the engine on the motorcycle. Back of the defendant's truck, a car driven by an elderly lady was slowly approaching to pass the defendant, and the defendant being apprehensive of turning into the street until after she had passed, placed his head out the cab window and kept this car under observation *453 until she had passed. As she passed or just after she had passed, he placed the truck in gear, went directly forward, and was in collision with the boy's motorcycle. The day was clear, and the pavement was dry.
It is undisputed and conclusive in the evidence that the boy suffered personal injuries as a result of the accident. It is also undisputed and conclusive that the boy's mother incurred certain expenses caused by the hospitalization of her son and his medical treatment, which resulted from the accident. The hospital bill was admitted into evidence upon a stipulation that it was a fair and reasonable bill. The medical expenses for treatment also were undisputed. The hospital and medical expense came to a total of $871. The two verdicts were irreconcilable because the issue of damages from medical and hospital expense and proximate cause are foreclosed under the evidence. Because the mother's action was purely derivative from the son's, and, thus, the two verdicts were inconsistent, the District Judge, on motion, ordered a new trial on both causes of action.
We are unable, as the trial court was, to perceive any realistic or common sense way of reconciling the two apparently inconsistent verdicts. We can only speculate as to any collateral reasons why the jury returned the two verdicts. Since the evidence on damages and proximate cause was undisputed and undenied the finding of liability on the son's cause of action is directly contrary to a verdict for the defendant on the mother's cause of action on the same issues. Whether this result flowed from confusion or misunderstanding of the court's instructions or for collateral reasons, we do not need to decide. The trial court itself, in exercising its discretion, determined that the only way to resolve the problem was to grant a new trial. For many years under our Nebraska procedural decisions, the trial court's discretion in granting a new trial was absolute. It is true that the granting of a new trial is now judicially reviewable in this court. We have consistently and recently held that the standard of judicial review of a trial court's order granting a new trial is whether or not the trial court abused its discretion. Wagner v. State, 176 Neb. 589, 126 N.W.2d 853; Webster v. Halbridge, 185 Neb. 409, 176 N.W.2d 8; Lechliter v. State, 185 Neb. 527, 176 N.W.2d 917. By its terms this discretion is necessarily broader than a narrowly isolated and rigid examination of the merits of each alleged error in the record. A combination of errors, for example, each of which in itself might not be grounds for granting a new trial, may result in a finding by the trial judge that justice will be served by retrying the issues in the case. We have held that this court will not ordinarily disturb a trial court's order granting a new trial, and not at all unless it clearly appears that no tenable grounds existed therefor. Webster v. Halbridge, supra; Lechliter v. State, supra; Wagner v. State, supra. We have also held that a trial judge may set aside a verdict whenever it is inconsistent. Olson v. Shellington, 162 Neb. 325, 75 N.W.2d 709. It would seem that this rule would apply a fortiori when the inconsistency arises in the context of a derivative action in which any determination as to liability must necessarily be the same on the two joined causes of action. See, 66 C.J.S. New Trial § 66b, p. 198, § 72a, p. 235; 58 Am.Jur.2d, New Trial, § 129, p. 336.
Our decision on this point is supported by the overwhelming weight of authority. In 58 Am.Jur.2d, New Trial, § 129, p. 336, it is stated as follows: "Where two or more causes of action arise out of the same set of circumstances, and suit is brought on each cause of action, the verdicts should be consistent; otherwise both verdicts may be set aside and new trials awarded. For example, in actions by a husband and wife for personal injury sustained by one and for consequential damages sustained by the other, the verdicts should be consistent, and if the jury finds in favor of one plaintiff and against the other, the verdicts are inconsistent and the *454 trial court should grant a new trial in both cases."
The defendant's contention that the two verdicts are consistent is based upon a rather ingenious argument by analogy to several cases from other jurisdictions. But the attempt to color match these cases fails. In each of these cases, it was the defendant, and not the plaintiff, who moved for a new trial, and the court's holding refusing to grant a new trial, was based either on the fact that the jury could reasonably have denied relief in the derivative action because there was no adequate proof of damages, or because if the defendant moved for a new trial and not the plaintiff, then the verdict in favor of the prevailing plaintiff will not be set aside if it is sustainable under the evidence and the instructions. Moreover, we point out, these cases arise in jurisdictions under different procedural statutes and holdings of the court. For example, one of the cases cited by the defendant is Chance v. Lawry's, Inc., 58 Cal.2d 368, 24 Cal.Rptr. 209, 374 P.2d 185. In this California case, besides what we have said above, it appears that under the California practice and procedure, in the event of an inconsistent verdict the trial judge is authorized to determine which of the two jury verdicts is the correct one, and then allow that one to stand.
The defendant also assigns as error the failure of the trial court to sustain his motion for judgment notwithstanding the verdict upon the son's cause of action. We observe that the plaintiff did not request an instruction on liability and does not assert error in this respect by way of cross-appeal. The resolution of this question under the facts is clear. Beside what we have already recited about the facts, we point out that the accident took place at noon on a clear day. The defendant was parked at the curb side of a street. The son had driven his motorcycle around the defendant's truck and parked at the curb at least 10 feet in front of the defendant, and there is evidence that he was parked there for almost 2 minutes before the defendant undertook to start his truck. The defendant, who had been observing another another car approaching from the rear, started his truck, drove directly forward, and struck the motorcycle upon which the son was sitting. The defendant admits that he did not see the boy. As we have said many times, it was his duty to see that which was in plain sight. The motorcycle was approximately 3 to 4 feet high, and the boy was sitting on it. The motorcycle was parked at least 10 feet ahead of the defendant's vehicle. There was clearly a jury issue on the defendant's duty to keep a proper lookout and reasonable control of his truck under the circumstances. Newkirk v. Kovanda, 184 Neb. 127, 165 N.W.2d 576; Stewart v. Ritz Cab Co., 185 Neb. 692, 178 N.W.2d 577; Ritchie v. Davidson, 183 Neb. 94, 158 N.W.2d 275; Taulborg v. Andresen, 119 Neb. 273, 228 N.W. 528; Capital Transit Co. v. Holloway, 35 A.2d 649 (Mun.Ct.App.D.C., 1944).
The judgment of the District Court granting a new trial on both causes of action is correct and is affirmed.
Affirmed.